UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BROOKE WOLD,

    Plaintiff,

  v.

Case No. 2:25-cv-994-KCD-NPM

DR. DENISE M. CARLIN,
SUPERINTENDENT OF LEE
COUNTY, FLORIDA SCHOOLS IN
HER INDIVIDUAL AND
OFFICIAL CAPACITY,

    Defendant.
_____/

# ORDER

Plaintiff Brooke Wold is a former teacher with the Lee County School District. She was fired after publishing a Facebook post about the death of Charlie Kirk. (Doc. 1 ¶ 15.)[1] She now sues the school district (through its superintendent, Dr. Carlin), claiming the "political post is fully protected by the First Amendment" and her termination was actionable retaliation. (*Id.* ¶ 20.)

Before the Court is Plaintiff's Motion for Preliminary Injunction. (Doc. 10.) She seeks an order "enjoining Dr. Carlin from retaliating against her for her Facebook posts and requiring Dr. Carlin to reinstate her employment on

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

the same terms and conditions as she enjoyed prior to her unconstitutional termination." (*Id.* at 17.)

Preliminary injunctive relief "is an extraordinary and drastic remedy" that is appropriate only in limited circumstances. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000); *see also Powers v. Sec'y, Fla. Dep't of Corr.*, 691 F. App'x 581, 583 (11th Cir. 2017) ("A preliminary injunction is the exception rather than the rule[.]"). To get injunctive relief, the movant must show (1) a substantial likelihood of success on the merits; (2) she will suffer an irreparable injury without the injunction; (3) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction would not adversely affect the public interest if issued. *Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003). These "four prerequisites" must be "clearly established." *Id.*

Plaintiff presents this case as a straightforward application of the First Amendment—she was impermissibly terminated for political comments on a personal Facebook account. The Court is not so convinced. Plaintiff's First Amendment rights are not absolute in this context. They must be balanced against "the government's interest in preserving the efficiency of the public services that it performs through its employees." *Belyeu v. Coosa Cnty. Bd. of Educ.*, 998 F.2d 925, 928 (11th Cir. 1993). This "involves a nuanced, fact-

intensive determination" that can be difficult to prove on a limited record. *Brown v. Young*, No. 4:25CV419-MW/MJF, 2025 WL 3171160, at *4 (N.D. Fla. Nov. 13, 2025). Defendant offers several declarations that detail how Plaintiff's statements caused public backlash and "disrupted the District's operations, required diversion of staff and resources to manage responses and cover her duties during the investigation, and raised legitimate concerns about the District's credibility and public trust." (Doc. 23-1 ¶ 16.) While Plaintiff may dispute these facts, they sufficiently undermine the Court's ability to conclude that she will clearly prevail. *See, e.g.*, *Brown*, 2025 WL 3171160, at *4.

Even if the Court were to take Plaintiff's position on the merits, she has not demonstrated the irreparable injury needed for injunctive relief. *See Siegel*, 234 F.3d at 1176 ("[T]he absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper."). The only harm Plaintiff offers is the "loss of [her] First Amendment freedoms." (Doc. 10 at 15.) But that injury is tied to Plaintiff's termination, which is prior conduct. Injunctive relief is forward-looking. It is meant to prevent future harm, not remedy past conduct. *See FF Cosms. FL, Inc. v. City of Miami Beach*, 866 F.3d 1290, 1298 (11th Cir. 2017) ("[A]n *ongoing* violation of the First Amendment constitutes an irreparable injury." (emphasis added)). Plaintiff fails to show, or even explain, how the harm here

3

is ongoing or that her "speech will be chilled or prevented altogether." *Siegel*, 234 F.3d at 1178; *see, e.g.*, *Fischer v. Thomas*, 78 F.4th 864, 869 (6th Cir. 2023) ("[I]f a court finds that the past speech was protected, then the appropriate remedy is damages, not an injunction."); *Cubin v. Gordon*, 769 F. Supp. 3d 1253, 1273 (D. Wyo. 2024).

"There is no power the exercise of which is more delicate, which requires greater caution, deliberation, and sound discretion, or more dangerous in a doubtful case, than the issuing an injunction." *United States v. Bd. of Ed. of Greene Cnty., Miss.*, 332 F.2d 40, 45-46 (5th Cir. 1964). Given the extraordinary affirmative relief Plaintiff now seeks—namely, reinstatement to her previous position—caution is especially appropriate here. Accordingly, Plaintiff's Motion for Preliminary Injunction (Doc. 10) is **DENIED**.

**ORDERED** in Fort Myers, Florida on December 19, 2025.

Kyle C. Dudek
United States District Judge

4